IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3234-M

JOSHUAL LAMAR DAVIS, )
)
        Plaintiff, )
)
v. ) ORDER
)
IAN MAXFIELD, JOSHUA WILLIAMS, )
and MARK SUROVICK, )
)
        Defendants.[1] )

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) (D.E. 29). Plaintiff responded in opposition. Also before the court is plaintiff's motion for reconsideration (D.E. 25). For the reasons discussed below, the court grants defendants' motion and denies plaintiff's motion as moot.

STATEMENT OF THE CASE

On August 10, 2021, plaintiff filed the instant action alleging defendants violated his civil rights. (Compl. (D.E. 1)). On June 13, 2022, the court ordered plaintiff to file an amended complaint particularizing his claims. (June 13, 2022, Ord. (D.E. 10)). Plaintiff contends defendants used excessive force when detaining him and performed an illegal search and seizure. (Am. Compl. (D.E. 13) at 5--7).

---

[1]     The court dismissed formerly-named defendants Jarrel Baker and Wake County Sheriff's Office on October 5, 2022.

After conducting its initial review, the court allowed the action to proceed on October 4, 2022. On December 8, 2022, plaintiff filed the instant motion for reconsideration regarding search and seizure claims dismissed upon initial review. (Pl.'s Mot. Recons. (D.E. 25)). On January 17, 2023, defendants filed the instant motion to dismiss supported by the following: 1.) declaration of defendant Ian Maxfield; 2.) declaration of defendant Joshua Williams; 3.) declaration of defendant Mark Surovick; and 4.) declaration of Gwendolyn Thornton ("Thornton"), a customer service representative in Judicial Civil Process for the Wake County Sheriff's Office. (Def. Mem. in Supp. (D.E. 27)). On February 2, 2023, plaintiff responded in opposition.

## COURT'S DISCUSSION

Defendants argue plaintiff failed to achieve sufficient service of process and this court lacks personal jurisdiction over them. (Def. Mem. in Supp. (D.E. 27) at 7–9). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges the court's exercise of personal jurisdiction. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges the sufficiency of service of process. "Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." Mosely v. Fillmore Co., Ltd., 725 F. Supp. 2d 549, 558 (W.D.N.C. July 16, 2010).

Under Federal Rule of Civil Procedure 4(m) "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Federal Rule of Civil Procedure

2

4(e) service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." North Carolina law allows service of process by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). "A plaintiff is not required to mail the summons and complaint to a defendant's residence; sending the suit papers to a defendant's place of employment is within the rule." Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004) (citing Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C.1984)).

When service of process is challenged, service may be proved by affidavit stating as follows: 1.) "a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested"; 2.) "it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee"; and 3.) "the genuine receipt or other evidence of delivery is attached." N.C. Gen Stat. § 1-75.10(a)(4); see also Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 490, 586 S.E.2d 791, 796 (2003). When serving by certified mail and someone other than the addressee signs the return receipt, the serving party has the burden to prove the signee is "defendant's agent, authorized by law to accept service of process on his behalf." Hamilton v. Johnson, 228 N.C. App. 372, 378-79, 747 S.E.2d 158, 162–63 (2013) (holding signature of person of reasonable age and discretion that is not addressee no longer creates rebuttable presumption of service).

Defendants challenge service by certified mail. (Def. Mem. in Supp. (D.E. 27) at 7–9). Defendants' undisputed evidence shows service was effectuated by certified mail delivered to the Wake County Public Safety Center and signed for by Thornton. (Thornton Decl. (D.E. 27-4)

3

¶¶ 4-5). Thornton was not authorized to receive service of process on behalf of defendants (Id. ¶ 6). Plaintiff has not come forward with any evidence showing Thornton was authorized to accept service on behalf of defendants. Plaintiff merely makes the conclusory argument that process was served at defendants' place of work, and thus, service was proper. (Pl.'s Resp. (D.E. 29) at 9). Plaintiff also provides no evidence that defendants have actual notice of the instant action. See McCreary v. Vaughan-Bassett Furniture Co., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (noting that "dismissal is not necessarily mandated for technical noncompliance where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963)). Plaintiff does not request an extension of time for service of process. Accordingly, plaintiff's motion to dismiss for failure to effectuate service of process is granted.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss (D.E. 26) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for reconsideration (D.E. 25) is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2023.

Richard E. Myers II
RICHARD E. MYERS, II
Chief United States District Judge